## CIRCUIT COURT OF WASHINGTON COUNTY

Joe M. Price

v.

Cleason D. Farmer and
Delores J. Farmer

July 11, 1989

Case No. (Chancery) 88-228

By JUDGE CHARLES H. SMITH, JR.

I have reviewed the file in this matter including pleadings, exhibits, etc. and have considered all of same in light of the evidence taken, the arguments of counsel, the authorities submitted by counsel, and the view of the property taken by the court. I have likewise considered the deposition of the elderly witness who was unable to appear for trial. This chancery cause seeks to establish an easement or right of way across the land of the defendants to the complainant's property. The court agreed to hear this matter *ore tenus*, and the trial, including the view, took the better part of a day. Numerous witnesses were heard and several exhibits were introduced.

The properties in question lie in the Harrison Magisterial District of Washington County on the westerly side of U.S. Route 19. The complainant purchased his property, consisting of over 200 acres, in 1988. In his deed there was a grant of a right of way across the lands of the defendants leading in a westerly direction from U.S. Route 19 to the complainant's land. The complainant traces this grant of a right of way back for over 50 years in his chain of title.

The defendants purchased their property, which borders on U.S. Route 19, in 1983. There is no mention of this right of way in their deed nor did they find any reference thereto in their chain of title. Shortly after purchasing the property, the defendants commenced to operate a coal yard upon a part of the property over which the complainant claims a right of way. During their peak coal-selling season, the defendants' coal yard will completely cover and block the area of the alleged right of way.

The defendants contend that the complainant has no right of way across their property because there is no mention of it in their deed. They further contend that the complainant has no right of way by prescription because he cannot show the elements of their being a hostile or exclusive use. Finally, they contend that if there was a right of way, it was abandoned since there has been no use made of it since they purchased their property in 1983.

The complainant claims a right of way extending from U.S. Route 19 in a westerly direction some twelve to fifteen hundred feet across the lands of the defendants to his property. He claims the right of way by grant and/or by prescription. He maintains that he is otherwise landlocked, and this way is essential for the use to which he intends to put his property. In the spring of 1988 the defendants denied the complainant access to his property over theirs by locking a gate across the alleged right of way. This suit ensued.

The evidence was lengthy and I will not attempt to recite it in detail. Suffice it to say that numerous credible and reliable witnesses testified for the complainant to the effect that there had been a right of way in the location in question since before they could remember, since "mind or memory of man runneth not to the contrary". Some of these witnesses were well advanced in age, eighty to ninety years old. Some of them had, in fact, lived on a part of the property now owned by the complainant or had relatives who lived upon this property whom they had visited over the years. They all testified that their means of ingress and egress to this property was over the right of way the complainant now claims. There was considerable evidence adduced concerning the uses to which the right of way had been put over the years. It was well

proven that, since as long as anyone could remember, the right of way was used openly, notoriously and continuously for a footpath, trucks, cars, horses and wagons, farm tractors and other farm machinery, and large trucks hauling timber, tobacco, milk, etc.

As both counsel aptly point out, it is the well settled law of the Commonwealth that, in order to establish a private right of way over lands of others by prescription, the claimant must prove that his use of the roadway was adverse, under a claim of right, exclusive, continuing, uninterrupted, and with the knowledge and acquiescence of the owners of the land over which it passes, and that the use has continued for a period of at least twenty years. *See Pettus v. Keeling*, 232 Va. 483 (1987). Further, it is now well settled that the claimant has the burden of proving same by clear and convincing evidence. (*Ibid.*)

The only problem the court had with the establishment of the prescriptive easement involved the elements of exclusivity and hostility. I believe the former must be resolved in the complainant's favor in view of the Supreme Court's ruling in the *Pettus* case. That case was not too dissimilar from the one at bar. In it, it was contended that the essential element of exclusiveness was lacking because the use of the way was dependent upon the enjoyment of similar rights by others. The Supreme Court enunciated the rule to be as follows:

> However, when each landowner asserts his own right, independent of all others, to use the way, and no rights are dependent upon the common enjoyment of similar rights by others, prescriptive rights may arise. This is because when each user independently asserts his right to enjoy the way for himself such use is exclusive even though others assert similar rights for themselves. (*Ibid.*, p. 486)

Likewise, I believe the issue of hostility must be resolved in the complainant's favor. The Supreme Court stated in *Pettus*:

> Where there has been an open, visible, continuous and unmolested use of a road across the land

of another for at least 20 years, the use will be presumed to be under claim of right, and places upon the owner of the serviant estate the burden of rebutting this presumption by showing that the use was permissive, and not under claim of right. (*Ibid.*, p. 485).

The court is of the opinion that the defendants have failed to meet this burden.

I am therefore, of the opinion that the complainant has established a prescriptive easement over the lands of the defendants extending from U.S. Route 19 in a westerly direction some twelve to fifteen hundred feet to the complainant's land.

The question remains as to the width of this right of way. The court, having observed the property, notes that there are well-defined tracks, apparently left by the tires of trucks or cars, some five to six feet in width from edge to edge. As the Supreme Court noted in *Pettus*:

> Where, as here, the right of way depends on user, the width of the way and the extent of the servitude is measured by the character of the use. (*Ibid.*, p. 490)

The right of way in question has been used for many years by many different sizes and types of vehicles. It has been put to a variety of uses. The complainant is a logger and intends to use the right of way for his logging operations on his property. Since this is a use that has been made of the way in the past, it will create no greater burden to the serviant estate and, thus, the way must be wide enough to accommodate this logging operation. I am of the opinion that a right of way of twelve feet in width has been established.

Mr. Eads should prepare an order commensurate herewith establishing the right of way by prescription, requiring the removal of all obstructions erected by the defendant and enjoining the defendants from interfering with the complainant's enjoyment and use of said right of way in the future.